UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID HENRY NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>1st Judicial District Court Judge<br>DAVID KNUTSON,<br>Prosecutor ELLIOTT KNETSCH,<br>Police Officer THOMAS STRESE, and<br>Duty SHARON DREWS,<br><br>    Defendant. | Civil No. 08-6378 (JMR/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit." (Docket No. 2.) Plaintiff is seeking permission to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, the substantive allegations set forth in the complaint, repeated verbatim and in their entirety, are as follows:

> "All Four of Above Actors, [presumably meaning the four named Defendants] believed to be working together in extorsion [sic] + racketeering, using the streets + highway to collect moneys, where no commercial activity is shown. Transcript to follow. Many Legal words show: 'Driver: One paid to operate...' Above four actor [sic] are being invoiced directly by Bet [?] Plaintiff for using name in commerece [sic] without permission."

There are several anomalous documents attached to the complaint, but they do not provide any additional factual or legal basis for Plaintiff's present lawsuit.[1]

---

[1] One of the documents attached to the complaint is an order that apparently was entered in a criminal action brought against Plaintiff in the state district court for Dakota County, Minnesota. It appears from a perusal of that order that Plaintiff may now be attempting to sue two law enforcement officials, a county attorney, and a state court judge, who were involved in Plaintiff's prior state criminal case. It further appears that Plaintiff might now be seeking federal court review of a judgment entered against him in that case. If that is Plaintiff's objective, then this action must be dismissed for another reason, (in addition to the inadequacy of the allegations in the complaint, discussed below). It is well-settled that habeas corpus is the exclusive means by which federal courts can review state criminal convictions. Eutzy v. Tesar, 880 F.2d 1010, 1011 (8th Cir. 1989) ("we accept as fundamental the fact that Congress intended habeas corpus to be the exclusive federal remedy for all who seek to attack state court convictions"), citing Preiser v. Rodriguez, 411 U.S.

Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current complaint clearly fails to state any claim on which relief may be granted. The obvious deficiencies in the complaint include at least the following:

(1) There is nothing in the complaint showing the existence of federal subject matter jurisdiction.

(2) The complaint does not describe any specific acts or omissions by any of the named Defendants.

(3) The complaint does not show any legal basis for Plaintiff's claims.

(4) The complaint does not adequately describe the nature of the relief that Plaintiff is seeking, or why such relief would be appropriate.[2]

---

475, 500 (1973). Therefore, if Plaintiff is seeking federal court review of a judgment entered against him in a state criminal case, he will have to file a petition for a writ of habeas corpus. Furthermore, he will have to fully exhaust all available state court remedies, (including appeals to the Minnesota Court of Appeals and the Minnesota Supreme Court), before he can seek federal habeas corpus relief. 28 U.S.C. § 2254(b). Even if Plaintiff were seeking only money damages, he could not bring a lawsuit in federal court, if a judgment in his favor would imply that a prior state criminal conviction is invalid. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

[2] Under the heading "relief requested," the complaint indicates that Plaintiff wants the Court to "sanction" three of the Defendants – Elliott Knetsch, Thomas Strese, and Sharon Drews. However, Plaintiff has offered no clue as to what type of "sanction" he is seeking, or why he thinks the imposition of a "sanction" is required by law. Plaintiff also asks the Court to "dismiss all statutes charged to Nichols From 1st Judicial District , per [Defendant] Judge David L. Knutson." It is unclear what this means, or why Plaintiff believes such relief should be granted. Furthermore, if Plaintiff is seeking to overturn a state criminal conviction, (which appears to be the case), his claim for relief is barred for the reasons discussed at n. 1, supra.

Because Plaintiff has not set forth sufficient allegations to state any claim on which relief could be granted, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

2.   This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: December  29, 2008

            s/ *Franklin L. Noel*
            FRANKLIN L. NOEL
            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 16, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.